### SKINNER *v.* ATTAWAY, *et vice versa.*

The judgments in these cases are affirmed, with directions as stated in the opinion of the court.

                Nos. 4550, 4560. OCTOBER 3, 1925.

Equitable petition. Before Judge Franklin. Burke superior court. September 20, 1924.

*E. V. Heath, F. S. Burney,* and *Callaway & Howard,* for plaintiff in error.

*James A. Dixon* and *Pierce Brothers,* contra.

PER CURIAM. 1. These cases were decided on September 22, 1925. The Justices being evenly divided, the judgments of the trial court were affirmed by operation of law. On motion for rehearing the above-mentioned judgments were withdrawn, and judgments of affirmance by a majority of the court were substituted, with directions as follows:

A special verdict was returned by the jury as follows: "1. Was the security deed for $15000, dated April 1, 1920, from Mrs. Attaway to C. W. Skinner, valid or invalid?" Answer: "Invalid." "2. Was the transfer by Mrs. Attaway to Mr. Skinner of the 1922 rent note, as security for her indebtedness, valid or invalid?" Answer: "Valid." "3. What amount, if any, is due by Mrs. Attaway on the account attached to the defendant's answer?" Answer: "$1846.73." "So say we all." The evidence, though conflicting, was sufficient to support the verdict. None of the special assignments of error in the defendant's motion for a new trial require a reversal of the judgment refusing a new trial.

2. The court rendered a decree as follows: "Now therefore, be it ordered and adjudged as follows: 1. Said security deed dated April 1, 1920, from Eula V. Attaway to C. W. Skinner, covering the following described land, is hereby cancelled, which description is as follows: (1) 645 acres, more or less, bounded north by Rocky Creek and S. A. Corker; east by Rocky Creek and estate of John Byne; south by John C. Applewhite; west by John O. Applewhite and S. A. Gray place. (2) 110 acres, more or less, bounded north by C. E. Attaway; east by Dr. R. L. Miller and waters of Rocky Creek; south by John O. Applewhite; west by Sodom public road—said land being part of the Craven Carpenter place. (3) 50 acres of land, more or less, bounded north by John O. Applewhite; east by Dr. R. L. Miller, and other lands of C. E. Attaway; south by lands now or formerly of Mrs. Ella Rupert; west by lands of estate of Mrs. Ella Rupert, and Sodom public road. The third tract of land containing 72 acres, more or less. 2. That said note dated April 1, 1920, for $15,000, for which said security deed was given to secure, be and the same is hereby cancelled and declared to be void and of no effect. 3. That the said C. W. Skinner is hereby decreed to be entitled to the proceeds arising from the sale of certain property levied upon under distress warrant sued out upon the rent note declared by the jury to be valid and now in the possession of the sheriff of Burke County. 4. That the defendant C. W. Skinner do recover of the plaintiff, Eula V. Attaway, the sum of $1846.73 with interest from the.......day of ........, at seven per cent. per annum. 5. Ordered further, that the plaintiff Eula V. Attaway do pay unto the said C. W. Skinner the sum of $5678.40 with interest thereon at 8% from April 1,

1920, within sixty days from the date of this decree, and thereupon the title to the two small tracts of land, one containing 110 acres and the other 72 acres, become the absolute property of said Eula V. Attaway, freed from any claim of said C. W. Skinner against the same; and upon failure of the said Eula V. Attaway to pay said amount with interest on or before the expiration of sixty days from the date hereof, then and in that event the said C. W. Skinner shall have judgment from the 1st day of April, 1920, at 8%, and an execution may then be issued for said amount. Ordered further that the note for $1504 to the Bank of Waynesboro be and the same is hereby cancelled. 6. That said Eula V. Attaway do also pay unto the said C. W. Skinner the principal sum of $1635.53 with interest at 8% from the 6th day of January, 1922, within sixty days from the date of this decree, and thereupon said security deed dated January 6, 1922, securing said $1600 as set out in defendant's answer be and the same will thereupon become null and void. 7. Ordered further that said plaintiff, Eula V. Attaway, do pay unto the said C. W. Skinner $.......... with interest thereon from the date of payment of taxes upon the land involved in said suit. 8. Ordered further that the cost of this proceeding be paid by the defendant in said cause."

The judgments refusing both motions for new trial are affirmed. The judgment upon the exceptions to the decree are affirmed, with directions: (1) That the decree be so modified as that the defendant in the lower court shall be subrogated to all the rights of the plaintiff as to the purchase-price of the two tracts of land containing 72 acres and 110 acres respectively, which were purchased by the plaintiff from her husband with money furnished by the defendant, to which right of subrogation the plaintiff in paragraph six of her amended petition consented. (2) That the decree also be so modified as to decree cancellation of the deed from the defendant to himself, executed in pursuance of the power of sale contained in the security deed dated April 1, 1920. (3) That so much of the decree as rendered judgment against the plaintiff for the sum of $1846, the same not being founded on admissions in the pleadings nor authorized by the verdict, be cancelled. (4) That the sixth division of the decree be amended by adding thereto a provision giving the defendant a special lien for the amount specified therein on the basis of the security deed which the plaintiff

had executed to the defendant subsequently to the security deed, hereinbefore mentioned, which the jury found to be invalid. (5) It is further ordered that the plaintiff in the lower court pay the costs of bringing both cases to the Supreme Court, the defendant in the lower court having obtained a modification of the decree.

*Judgment affirmed, with directions. All the Justices concur, except Gilbert and Hines, JJ., who dissent.*

Russell, C. J., specially concurring. I am in full accord with the result reached by the majority of the court and the judgment rendered. However, I do not reach my conclusion in the case in the same way as my colleagues, and for that reason I can not concur in the language used in the first division. I do not base my judgment upon the verdict, and I do not take into consideration at all the motion for a new trial. It appears from the record in this case that Mrs. Attaway objected to the $1846.38 being included in the decree, and excepted pendente lite to the inclusion in the decree of that finding against her. In the bill of exceptions error is properly assigned upon the exceptions pendente lite. A review of the evidence, several times repeated, satisfies me that, as contended in Mrs. Attaway's exception to the decree as to this point, there was not one scintilla of evidence adduced in the trial which would have authorized the jury to find the sum of $1846 or any other amount upon the account. As the judge had for that reason erred in submitting the question as to this account to the jury at all, the exception to the decree presented by the exception pendente lite was a proper method of reaching the point, and this preceded the motion for a new trial. The exception presented upon the bill of exceptions as to this point properly should be considered before any consideration of the motion for a new trial or any of its grounds. Upon a review of the exception pendente lite I am of the opinion that it should be sustained, and that therefore there is no necessity of considering this ground of the motion for a new trial for a second time, for the reason that while the motion for a new trial could only raise the point that there was no evidence upon that point to support the verdict, and this necessarily would result in a new trial, whereas, had the judge correctly ruled upon the objection to the decree which the lower court overruled, this ground of the motion for a new trial would have been, as it is in my opinion

63

now, absolutely unnecessary and nugatory, and thereby the necessity for a new trial upon this one point with consequent expense and delay would have been avoided. No injury results to Mrs. Attaway as movant in the motion for a new trial, because she receives here all that she could accomplish if a new trial had been granted her,—relief from this item adjudged against her without a particle of evidence to support the finding; and the respondent, Mr. Skinner, could not justly complain, since he did not ask a new trial upon this ground. If he had, and his motion had been based upon the ground that he should have a new trial because he omitted in the former trial to prove the account through forgetfulness or oversight, there is not a court in Christendom which would grant the motion unless it appeared that his failure to establish this item of his cross-action was due to fraud or providential cause.

HINES, J. I dissent from the opinion of the majority. I am clearly convinced that the verdict of the jury finding against the validity of the deed from Mrs. Eula V. Attaway to C. W. Skinner is without evidence to support it. Furthermore, I am of the opinion that there is merit in other assignments of error contained in the defendant's motion for a new trial. If that portion of the decree finding against the plaintiff in favor of the defendant the sum of $1846 is without evidence to support the same, then the equity and justice of this case requires that a new trial should be granted on the plaintiff's motion, and the defendant should not be by this court summarily cut off from proving this account if it was not proved on the first trial.

---

NOTE.—The references to C. J. and Cyc., in footnotes to cases on and after page 287, were furnished by the publisher of those books to the State Publisher, and have been inserted by order of the Supreme Court passed on March 20, 1926.